IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 02:06cr144-WKW-SRW |
| | ) |
| PAUL MEREZ GRAHAM | ) |

**MOTION TO SUPPRESS**

Comes now Defendant Paul Merez Graham, by and through counsel, and shows as follows:

**Issues Presented**

1. This motion to suppress relates to a search of a vehicle on January 10, 2006 at a Pizza Hut located at Coliseum Boulevard in Montgomery, Alabama and subsequent statements of Defendant Paul Merez Graham.

2. This motion involves the following issues:

    a. Whether a search of vehicle driven by Defendant Paul Merez Graham at a Pizza Hut on Coliseum Boulevard in Montgomery, Alabama was violative of the Fourth Amendment to the United States Constitution.

    b. Whether subsequent statements made by Defendant Paul Merez Graham were fruits of the aforementioned search of the vehicle driven by him.

    c. Whether subsequent statements made by Defendant Paul Merez Graham were obtained in violation of the Fifth Amendment to the United States Constitution.

**Factual Background and Incorporated Memorandum of Law**

3. On January 10, 2006, Paul Merez Graham drove a rented motor vehicle to a Pizza Hut located on Coliseum Boulevard in Montgomery, Alabama.

4. Officers of the Montgomery police department later surrounded the vehicle in the parking lot of the Pizza Hut. Graham was seated in the driver's seat of the vehicle.

5. At that time, the officers did not have knowledge of facts and circumstances based upon reasonably trustworthy information to warrant a reasonable belief that Graham had committed some crime.

6. No reasonable person in Graham's position would have reasonably believed he or she was free to leave.

7. The officers, who had no search warrant, proceeded to search the vehicle.

8. A firearm and a controlled substance were seized from the inside of the vehicle.

9. After the search, Graham, who was already in custody, was taken to an office of the Montgomery police department at another location.

10. While there, Graham was questioned by officers of the Montgomery police department. Graham was not advised of his <u>Miranda</u> rights prior to the questioning. In connection with this, officers of the Montgomery police department and Graham agreed that he could help himself work off or work down charges in exchange for his providing information and assistance. Pursuant to that agreement, Graham made incriminating statements.

11. "The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. U.S. Const. Amend. IV.

A seizure takes place 'whenever a police officer accosts an individual and restrains his freedom to walk away.'" United States v. Brignono-Ponce, 422 U.S. 873, 878 (1975).

12. Warrantless searches "are per se unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). Whether or not a warrant is issued, probable cause is generally required for a search. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Beck v. Ohio, 379 U.S. 89, 91 (1964).

13. Pursuant to Terry v. Ohio, 392 U.S. 1 (1968))hereinafter "Terry"), a police officer may conduct a brief investigatory stop of a person if the officer has a reasonable suspicion supported by "specific and articulable facts" that the individual is, or is about to be involved in criminal activity. To justify the investigatory stop, the officer's actions must not be in response 'to his inchoate and unparticularized suspicion or "hunch," but must be in response to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.' Id. at 27…." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)(hereinafter "Perkins") . "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification. Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)[hereinafter "Wardlow"] (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)." Perkins, 348 F.3d at 969. An 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity" is not enough to satisfy the

minimum level of objectivity required. Wardlow, 528 U.S. at 124, quoting Terry, 392 U.S. at 27.

14.  Here, there was no probable cause for initially surrounding and detaining Graham.  Further, the circumstances in this case did not give rise to the requisite reasonable suspicion justifying a Terry stop.  Thus, all evidence obtained from the search in this case and all statements made by Graham in this case are inadmissible under the exclusionary rule as violative of the Fourth Amendment.

15.  Before questioning a suspect in custody, law enforcement agents must advise the suspect of his Miranda rights.  Miranda v. Arizona, 384 U.S. 436, 478-479 (1996) hereinafter "Miranda").

> 16.  The Supreme Court has held … that the government cannot introduce a suspect's statement taken without the presence of an attorney without first showing that the suspect made a voluntary, knowing, and intelligent waiver of his right to counsel.  Miranda [v. Arizona], 384 U.S. [436] … 475, 86 S.Ct. [1602]…1628[, 16 l.Ed.2d 694 (1966)] ("If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."); see also United States v. Beale, 921 F.2d 1412, 1434 (11th Cir. 1991) ("Before the government may introduce a suspect's uncounselled statement made during custodial interrogation, it must show that the suspect made a voluntary, knowing and intelligent waiver of his privilege against self- incrimination and his right to counsel.").
>
> Likewise, it is clearly established from holdings of the Supreme Court that the inquiry into whether a waiver was voluntary, knowing, and intelligent is twofold:
>
>> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of the circumstances

4

> surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986) (quoting Fare v. Michael C., 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979)).

Hart v. Attorney General of the State of Florida, 323 F.3d 884, 891-892 (11th Cir. 2003).

17. Without advising Graham of his Miranda rights, police officers questioned him. In response to that questioning, Graham made incriminating statements. Thus, his statements were obtained in violation of the Fifth Amendment to the United States Constitution. Additionally, the statements were a fruit of the aforementioned Fourth Amendment violations.

18. Additionally, Graham was questioned by law enforcement agents pursuant to an agreement that he could work off or down charges in exchange for his providing information and assistance. Pursuant to that agreement, Graham made incriminating statements. Any statements made by Graham were not voluntary because they were made in hope of a reward offered by law enforcement agents.

19. Additionally, the statements were the fruits of the aforementioned Fourth and Fifth Amendment violations.

20. Thus, the statements were obtained in violation of Graham's rights under the Fourth and Fifth Amendments to the United States Constitution and, thus, are inadmissible under the exclusionary rule.

WHEREFORE, Defendant Paul Merez Graham moves this Court to set this motion for a hearing, and upon hearing evidence and arguments, to enter an order suppressing the fruits of the searches and interrogations complained of herein.

                                  **s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Paul Merez Graham

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:06cr144-WKW |
| | ) |
| PAUL MEREZ GRAHAM | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 10th day of August, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: **Tommie Brown Hardwick, John T. Harmon, Christine A. Freeman**

**s/ Thomas M. Goggans**
Ala.  State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Paul Merez Graham

7