IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:06cr144-WKW-SRW |
| | ) |
| PAUL MEREZ GRAHAM | ) |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendant Paul Merez Graham's motion to suppress first relates to a search of an automobile he drove to a Pizza Hut on January 10, 2006. Defendant Graham contends that the search of the automobile was violative of the Fourth Amendment.

"The Fourth Amendment to the United States Constitution protects the right of persons to be free from unreasonable searches and seizures. U.S. Const. Amend. IV. A seizure takes place 'whenever a police officer accosts an individual and restrains his freedom to walk away.'" United States v. Brignono-Ponce, 422 U.S. 873, 878 (1975).

Warrantless searches "are per se unreasonable under the Fourth Amendment subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967). Whether or not a warrant is issued, probable cause is generally required for a search. Carroll v. United States, 267 U.S. 132, 155-156 (1925). Probable cause has been defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Beck v. Ohio, 379 U.S. 89, 91 (1964).

Pursuant to Terry v. Ohio, 392 U.S. 1 (1968)(hereinafter "Terry"), a police officer may conduct a brief investigatory stop of a person if the officer has a reasonable suspicion supported by "specific and articulable facts" that the individual is, or is about to be involved in criminal activity. To justify the investigatory stop, the officer's actions must not be in response 'to his

1

inchoate and unparticularized suspicion or "hunch," but must be in response to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.' Id. at 27...." United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003)(hereinafter "Perkins") . "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification. Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)[hereinafter "Wardlow"] (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)." Perkins, 348 F.3d at 969. An 'inchoate and unparticularized suspicion' or 'hunch' of criminal activity" is not enough to satisfy the minimum level of objectivity required. Wardlow, 528 U.S. at 124, quoting Terry, 392 U.S. at 27. In Florida v. J. L., 529 U.S. 266 (2000), the Supreme Court of the United States held that an anonymous tip containing no predictive information but providing information describing a person's location and appearance and stating that the person was carrying a gun did not give rise to a reasonable suspicion of illegal activity and did not justify a Terry stop.

Defendant Graham submits that in this case, as in Florida v. J.L., the anonymous caller did not provide enough predictive information to give rise to a reasonable suspicion of illegal activity, even when combined with the police having Graham's name in some data base and observing his car drive around the parking lot and park, to warrant a Terry stop. As stated in the Report and Recommendation, "the caller notified Conway that a black male named Paul Graham would be en route in a small red rental car to the Pizza Hut on Coliseum Boulevard in Montgomery 'in just a little while' to meet with some men in an older model Cadillac and deliver some cocaine." (Doc. 61, p. 1) The caller did not provide a name or a telephone number. (Doc. 61, p.1). There was no evidence of anyone in an older model Cadillac being at or ever

2

...
...

arriving at the Pizza Hut. At most, Conway and Hughes had only inchoate and unparticularized suspicion' or 'hunch' of criminal activity" which is not enough to satisfy the minimum level of objectivity required by the Fourth Amendment.

The Report and Recommendation also states that:

even assuming that the officers lacked "reasonable suspicion" under Terry v. Ohio, 392 U.S. 1 (1968), that criminal activity was afoot, the officers were clearly entitled to approach the defendant and speak to him." (Doc. 61, pp. 4-5).

> Thereafter, the officers' concerns about criminal activity clearly ripened into reasonable suspicion....When they parked next to the red car, the officers had a particularlized and objective basis for suspecting legal wrongdoing based on the following: (1) the detailed and contemporaneous anonymous tip, which was followed by a second anonymous call with updated information; (2) the appearance of Graham's name in a police database relating to drug activity; (3) the arrival at the Pizza Hut of a red car driven by a black male at approximately the time specified by the tipster; (4) the fact that the occupants of the vehicle did not go into the Pizza Hut and, instead, circled the parking lot slowly twice as though they were looking for someone, both times parking in the rear despite the empty parking spaces closer to the main entrances of the building; and , finally, (5) the appearance of an un-holstered handgun within reach of the driver of the red car."

(Doc. 61, pp. 4-6). As set forth hereinabove, Defendant Graham contends that these first four listed factors only indicate and inchoate and unparticularized suspicion' or 'hunch' of criminal activity" which is not enough to satisfy the minimum level of objectivity required by the Fourth Amendment. As to the handgun, the incriminating character of the evidence ostensibly seen in plain view must have been immediately apparent. Horton v. California, 496 U.S. 128, 236-137 (1990). In this instance, the handgun, in and of itself, was not incriminating. Accordingly, Defendant Graham contends that the subsequent entry into the car violated the Fourth Amendment. That being so, Defendant contends that the subsequent seizures and statements are due to be suppressed as "fruits of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963).

s/ Thomas M. Goggans
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Paul Merez Graham

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) CASE NO. 2:06cr144-WKW |
| | ) |
| PAUL MEREZ GRAHAM | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 23d day of July, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following: **Tommie Brown Hardwick, John T. Harmon, Nathan Stump.**

**s/ Thomas M. Goggans**
Ala. State Bar No. 2222-S45-T
2030 East Second Street
Montgomery AL 36106
PH: 334.834.2511
FX: 334.834.2512
e-mail: tgoggans@tgoggans.com

Attorney for Defendant
Paul Merez Graham

5