IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.   2:06cr144-WKW |
| ) | |
| PAUL MEREZ GRAHAM ) | |
| ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**         MICHAEL PETERSEN

**ASSISTANT U.S. ATTORNEY:**     NATHAN D. STUMP

### COUNTS AND STATUTES CHARGED:

Counts 1+4   21 USC § 841(a)(1)
             Possession of a Controlled Substance with Intent to Distribute

Counts 2+5   18 USC § 924(c)(1)(A)(i)
             Possession of a Firearm During a Drug Trafficking Offense

Counts 3+6   18 USC 922(g)(1)
             Possession of a Firearm by a Prohibited Person

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

Counts 1+4   21 USC § 841(a)(1)
             Possession of a Controlled Substance with Intent to Distribute

Count 5      18 USC § 924(c)(1)(A)(i)
             Possession of a Firearm During a Drug Trafficking Offense

Counts 3+6   18 USC 922(g)(1)
             Possession of a Firearm by a Prohibited Person

### PENALTIES BY COUNT - MAXIMUM PENALTY:

Counts 1+4   21 USC 841(a)(1)/841(b)(1)(C)
             (with prior felony drug conviction)
             A term of imprisonment which may not be more than 30 years, a $2,000,000 fine, or both the fine and the imprisonment; a term of supervised release of no less than 6 years; an assessment fee of $100.00; and restitution to any victim of the offense.

Count 5      <u>18 USC § 924(c)(1)(A)(i)</u>
A term of imprisonment which may not be less than 5 years and no more than Life, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 5 years; an assessment fee of $100.00; and restitution to any victims of the offense.

Counts 3+6    <u>18 USC 922(g)(1)</u>
A term of imprisonment which may not be more than 10 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

## **ELEMENTS OF THE OFFENSE:**

**Counts 1+4**
21 USC 841(a)(1)/841(b)(1)(C)
<u>Possession of a Controlled Substance With the Intent to Distribute</u>

(1)    That the Defendant knowingly possessed one or more controlled substances as alleged in the Second Superseding Indictment; and

(2)    That the Defendant intended to distribute the same.

**Count 5**
18 U.S.C. § 924(c)
<u>Possession of a Firearm During the Commission of a Drug Trafficking Offense</u>

(1)    That the Defendant committed the drug trafficking offense alleged in Count 4;

(2)    That the Defendant knowingly possessed a firearm; and

(3)    That the Defendant possessed the firearm during and in relation to the commission of the drug trafficking offense alleged in Count 4.

**Counts 3+6**
18 U.S.C. § 922(g)(1)
<u>Possession of a Firearm by a Prohibited Person</u>

(1)    That the defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

(2)    That before the Defendant possessed the firearm, the Defendant had been convicted of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

****************************************************************

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Second Superseding Indictment. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to accept the Plea Agreement, the defendant has the right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are as follows:

## **GOVERNMENT'S PROVISIONS**

1.  The Government agrees that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find that the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, and if the defendant otherwise qualifies, the Government agrees to move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met his obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the discretion of the United States.

2.  The Government agrees that the defendant should be sentenced within the applicable advisory Guidelines range.

3.  Upon the Court's acceptance of the defendant's guilty plea, the Government agrees to move at sentencing for dismissal of Count 2 of the Second Superseding Indictment.

4. The Government further agrees not to pursue any other criminal charges against the defendant stemming from the facts that support the defendant's conviction in this case, or to use against the defendant, directly or indirectly, any information that the defendant truthfully discloses to the Government during the course of his cooperation, except in the case of a crime of violence or a subsequent prosecution for perjury, false statements, or obstruction of justice.

5. If the defendant provides substantial assistance to the United States in any future case, as contemplated in the Cooperation Agreement set forth herein at paragraph 10, the Government will file a motion for downward departure under Rule 35 of the Federal Rules of Criminal Procedure. The defendant understands and agrees that the Office of the United States Attorney for the Middle District of Alabama will have the sole discretion to determine if the defendant has provided substantial assistance and when to file any such motion.

6. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

7. The defendant agrees to plead guilty in this case to Counts 1, 3, 4, 5, and 6 of the Second Superseding Indictment.

8. The defendant also agrees to plead guilty in a separate case to Counts 1 through 4 of an Information charging him with theft of government property under Title 18, United States Code, Section 641. The defendant understands that the basis for the charges alleged in the Information, to which the defendant agrees to plead guilty, are four FEMA disaster assistance checks that the defendant fraudulently obtained and converted to his own use or gain on or about the following dates and in the corresponding amounts:

| Count | Date | Amount |
|---|---|---|
| 1. | September 23, 2005 | $2,000 (Check Number 23478341) |
| 2. | September 26, 2005 | $2,000 (Check Number 23457868) |
| 3. | December 21, 2005 | $2,358 (Check Number 75456776) |
| 4. | January 10, 2006 | $2,358 (Check Number 24750606) |

9.  The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing. The determination of whether the defendant's conduct is a violation of this provision is at the complete discretion of the Government.

10.  Cooperation Agreement. The defendant agrees to cooperate with the Government according to the following terms:

 a.  *Full and Truthful Cooperation.* The defendant agrees to cooperate fully and to testify truthfully against any and all persons as to whom he may have knowledge, whether it be before a grand jury, in a trial or other court proceeding, or whenever called upon to do so. The defendant understands that this agreement does not require him to implicate any other particular individual or individuals or to "make a case" against anyone; rather, it requires him to be truthful and to testify truthfully and completely. The defendant agrees to be available, if required, for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to respond fully and truthfully to all questions asked of him by law enforcement officers and attorneys for the Government. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

 b.  *Limited Immunity.* Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation will not be used against the defendant, directly or indirectly. This cooperation agreement does not extend to any subsequent prosecution of the

defendant for crimes of violence, perjury, false statements, or obstruction of justice (see paragraph 4, infra), and does not affect in any way the defendant's obligation to plead guilty in a separate case to an Information, as described in paragraph 8 of this Plea Agreement.

    c.    *Material Breach.* If the defendant should fail in any way to fulfill completely his obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant. Thus, if at any time the defendant should knowingly and willfully withhold evidence from or provide false information to any agent, attorney, investigator, officer, or witness for the Government, or any judge, jury, grand jury, court or tribunal of the Government, or if at any time the defendant fails to appear for any scheduled meeting with law enforcement agents or any scheduled court appearance in the Middle District of Alabama, then the Government will be released from this agreement and will be free, to the extent permitted by law, to take any or all of the following actions:

1. To prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 USC §§ 1621, 1623, 1001, 1503).
2. To prosecute the defendant for all violations of federal criminal law which the defendant has committed.
3. To use against the defendant in all of those prosecutions and sentencings the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation.
4. To recommend a maximum sentence.
5. To seek forfeiture of any and all forfeitable properties of the defendant.
6. To seek forfeiture of any appearance bond made by the defendant.
7. To prosecute the defendant for the defendant's failure to appear at any scheduled court appearance, pursuant to 18 USC § 1073 or any other applicable state or federal criminal statute.

The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether the defendant has breached this agreement.

11. <u>Waiver of the Defendant's Right to Appeal or Collaterally Attack the Sentence.</u>

a. *Defendant's Waiver.* By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

b. *Exceptions.* This waiver does not include (and the defendant expressly reserves) the right to appeal and/or collaterally attack his sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or on any ground properly preserved in connection with his previously filed motion to suppress. The defendant is released from this waiver if the Government files an appeal under 18 U.S.C. § 3742(b).

c. *No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 U.S.C. § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## FACTUAL BASIS

12. The defendant admits the allegations charged in Counts 1, 3, 4, 5, and 6 of the Second Superseding Indictment and understands that the nature of the charges to which the plea is offered involves proof of the following:

   a. As to Count 1, that on or about January 10, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Paul Merez Graham, knowingly and intentionally possessed (1) a mixture and substance which contained a detectable amount of cocaine hydrochloride (more commonly known as cocaine powder), which is a Schedule II Controlled Substance; and (2) marijuana, which is a Schedule I Controlled Substance. At the time he possessed both the cocaine powder and the marijuana, the defendant intended to distribute them both. All in violation of Title 21, United States Code, Section 841(a)(1).

   b. As to Count 3, that on or about January 10, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Paul Merez Graham, knowingly possessed an Israeli Military Industries (IMI), Model Uzi Eagle, .40 caliber pistol – a firearm which was manufactured outside the State of Alabama. At the time he possessed that firearm, the defendant was a convicted felon. Specifically, the defendant was previously convicted on or about February 7, 2000, of Possession of Marijuana I (Circuit Court of Montgomery County, Alabama, CC-99-1575) and on or about November 15, 1999 of Receiving Stolen Property I (Circuit Court of Montgomery County, Alabama, CC-99-1399) – each a felony punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama. All in violation of Title 18, United States Code, Section 922(g)(1).

   c. As to Count 4, that on or about July 14, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Paul Merez Graham, knowingly and intentionally possessed the following controlled substances:

- marijuana, a Schedule I Controlled Substance;

- a mixture or substance containing a detectable amount of 3,4-methylenedioxymethamphetamine (more commonly known as "Ecstasy"), a Schedule I Controlled Substance;

- a mixture or substance containing a detectable amount of cocaine hydrochloride (more commonly known as "cocaine powder"), a Schedule II Controlled Substance;

- a mixture or substance which contained a detectable amount of cocaine base (more commonly known as "crack cocaine"), a Schedule II Controlled Substance;

- a mixture or substance containing a detectable amount of hydrocodone (the generic name for the primary active ingredient in the prescription drug "Vicodin"), a Schedule II Controlled Substance; and

- a mixture or substance containing a detectable amount of alprazolam (the generic name for the primary active ingredient in the prescription drug "Xanax"), a Schedule IV Controlled Substance.

At the time the defendant possessed the controlled substances listed above, he intended to distribute them all. All in violation of Title 21, United States Code, Section 841(a)(1).

  d. As to Count 5, that on or about July 14, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Paul Merez Graham, knowingly possessed a Ruger, 9mm caliber pistol, Model P89 – a firearm which was manufactured outside the State of Alabama. The defendant possessed that firearm during and in relation to the drug trafficking

offense charged in Count 4 of the Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

  e. As to Count 6, that on or about July 14, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Paul Merez Graham, knowingly possessed a Ruger, 9mm caliber pistol, Model P89 – a firearm which was manufactured outside the State of Alabama. At the time he possessed that firearm, the defendant was a convicted felon. Specifically, the defendant was previously convicted on or about February 7, 2000, of Possession of Marijuana I (Circuit Court of Montgomery County, Alabama, CC-99-1575) and on or about November 15, 1999 of Receiving Stolen Property I (Circuit Court of Montgomery County, Alabama, CC-99-1399) – each a felony punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama. All in violation of Title 18, United States Code, Section 922(g)(1).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

  13. After conferring with his attorney, and before entering a plea of guilty as to Counts 1, 3, 4, 5, and 6, the defendant advises the Court that he understands the following to be true:

  a. The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

  b. In entering a plea of guilty herein, the Court may ask the defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Indictment, or statements made in connection

10

with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

      c.      The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level or criminal history category calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the Government.

      d.      At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

      e.      The Court is not bound to accept the terms of this Plea Agreement. If the Court rejects this Plea Agreement, the defendant will be given an opportunity to withdraw his plea. If the defendant does not withdraw his plea at that time, the Court may dispose of the case less favorably toward the defendant than this Plea Agreement contemplated.

      f.      One of the charges to which the defendant has agreed to plead guilty (Count 5) carries with it a statutory minimum sentence of 5 years imprisonment. Therefore, the defendant understands that there is no possibility of a sentence of probation in this case, and any sentence imposed by the Court will include a term of imprisonment of no less than 5 years.

      g.      There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

  h. In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in 18 USC § 3553(a).

  i. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

  j. Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $500.00, which will be due and payable to the Court immediately.

  k. This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

  l. This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

14. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

15. The attorney for the defendant represents to the Court that he has advised the defendant on all of the contents of this Plea Agreement, including specifically all of the

provisions listed in Paragraph 13 herein, and that he is satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 28th day of April, 2008.            Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr., Chief
Criminal Division

_____
Nathan D. Stump
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama  36104
Tel:  (334) 223-7280
Fax:  (334) 223-7560
Email:  nathan.stump@usdoj.gov

I have read the Plea Agreement, understand the same, and agree that it accurately states both the representations that have been made to me and the conditions of the agreement that has been reached. I am satisfied that my attorney, Michael Petersen, Esq., has represented my interests in this matter competently and effectively. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____          4/28/2008
PAUL MEREZ GRAHAM                   Date
Defendant

_____          4/28/2008
MICHAEL PETERSEN, Esq.              Date
Attorney for the Defendant